# Scranton School District Audit (No. 2).

Argued April 11, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Wallace G. Moser*, with him *James Hiscox*, for appellant.

*J. Julius Levy*, with him *John R. Edwards* and *Robert G. Coglizer*, for appellees, school directors.

*S. Augustus Davis,* for Scranton School District.

OPINION BY MR. JUSTICE HORACE STERN, May 27, 1946:

This is an appeal by an intervening taxpayer from the refusal of the Court of Common Pleas of Lackawanna County to impose a surcharge upon the school directors of the Scranton School District.

In September, 1942 the directors purchased an athletic park of approximately ten acres for the sum of $36,000, of which they paid $16,000 in cash and $20,000 by a certificate of indebtedness; this certificate was liquidated a few months later with moneys derived from the collection of taxes.

The directors caused various repairs to be made to the buildings in the park, but in so doing did not comply with the provisions of the School Code. Accordingly a surcharge was made against them by the auditor for the school district. The court sustained this surcharge and entered a judgment nisi against the directors. The latter petitioned for a rehearing and, in granting it, the court for the first time introduced the question as to whether, if the intervening taxpayer desired to have the matter considered, a surcharge should also be made against them

# 234

for the $36,000 expended for the purchase of the park. Depositions were taken on behalf of the directors and, the court then failing to impose the surcharge, the intervening taxpayer filed exceptions; these were dismissed by the court and the surcharge formally refused. The present appeal is by the intervening taxpayer from that refusal.

While the proceedings as thus outlined are scarcely to be commended as exemplary in form, they cannot be condemned to the point of declaring them illegal. The Act of May 13, 1915, P. L. 311, provides that in any proceeding in the Court of Common Pleas upon an appeal from a report of auditors of any school district of the second class the accounts of the officer or officers in question may be investigated de novo. This means that the court has the right to start the entire proceedings afresh and to consider all the accounts as if they had been presented to it in the first instance; cf. *Hempfield School District Appeal,* 351 Pa. 1, 5, 39 A. 2d 919, 920; *Horning's Case,* 26 Pa. Superior Ct. 282, 286; *Walker's Appeal,* 44 Pa. Superior Ct. 145, 156.

The intervening taxpayer contends that the purchase of the park was made without any budgetary provision or appropriation, that the money used in payment had been budgeted to the reduction of the indebtedness of the district, and that for these reasons the payment violated various provisions of the School Code. The directors contend, on the other hand, that the money was derived from unanticipated revenue, was included in the general fund of the district, and could therefore be used without any budgetary action, formal appropriation or transfer; it is claimed that this unanticipated revenue arose partly from the sum of $52,000, proceeds of certain insurance policies, which money had come into the treasury of the district before the purchase of the park and had not been appropriated or earmarked for any purpose, and partly from the sum of $40,000 obtained from a sale of refunding bonds in excess of the amount planned

at the time of the preparation of the budget and not allocated therein to reduction of the district's indebtedness. Be these matters as they may, it is clear that the directors acted honestly and in good faith in purchasing the park. They testified that they were advised that the money was in the general fund of the district as unanticipated revenue and, not having been appropriated to any specific purpose, could be used to pay for the park even though the purchase had not been provided for in the budget; also that there was no need for any formal act of appropriation or of transfer to the budgetary item of "capital outlay". This advice came from both the Solicitor and the Secretary, the latter a person who had filled that office for twelve years and whose opinion they naturally regarded with respect. The Secretary and the Solicitor testified that they had so advised the directors, and, while of course their opinions were not conclusive and, prior to the Act of May 29, 1931, P. L. 243, would not have availed the directors as a defense to the charge of violating the provisions of the School Code, they bear upon the question of the honesty and good faith of the directors and their right to claim exemption under the provisions of section 13 of that act. Nor was loss or damage occasioned to the district by any failure on the part of the directors to comply with the mandates of the Code; it appears that the price paid for the park was extremely reasonable. The effect, under such circumstances, of the Act of 1931 on the liability of the directors to a surcharge is discussed at length in the opinion this day filed (354 Pa. 225, 47 A. 2d 288) dealing with the surcharge imposed upon these directors in connection with the repair work on the buildings.

The appeal of the intervening taxpayer is dismissed, and the judgment, so far as it refuses a surcharge against the directors, is affirmed; costs to be paid by the school district.