## South Union Township Board of Auditors v. South Union Township Board of Supervisors

*Anthony Kovach*, for appellants.
*Joseph M. George*, contra.

ADAMS, *J.*, March 26, 1976—This case is before the court on the appeal of Nicholas Komanecky, James Conway and Charles Schiffbauer, South Union Township Supervisors, from the auditors' report for South Union Township, Fayette County, Pa., for the year 1974.

The auditors filed a series of surcharges numbered 1 through 59, inclusive, which are the subject of this appeal. The court will deal with each item separately.

*Surcharge number 1* has been resolved and settled and is, therefore, vacated and discharged.

*Surcharge number 2* has been resolved and settled and is, therefore, vacated and discharged.

*Surcharge number 3* relates to the payment by the township to certain off-duty policemen and other employes of $552.75 for snow removal and machinery and vehicle repairs. This amount is sur-

charged for the reason that such work was not authorized by proper resolution of the board of township supervisors. The testimony reveals that the work was authorized and performed as emergency work during snowstorms, and that at least two supervisors authorized the employment of the emergency work and all supervisors subsequently authorized the payment for the same. There was no evidence offered to show that the amounts paid were improper or that the work was not, in fact, performed.

The court makes the determination that the payment was proper and the surcharge is, therefore, vacated and discharged.

*Surchase number 4.* This surcharge of $105 is based on the payment to Supervisor Charles Schiffbauer for attendance at 53 township meetings when he actually attended 46 meetings. It was acknowledged by Supervisor Schiffbauer that there was an overpayment in the amount of $105.

The surcharge against Nicholas Komanecky, James Conway and Charles Schiffbauer in the amount of $105 is affirmed.

*Surcharge number 5.* This surcharge is in the amount of $1,230.50 against Nicholas Komanecky and James Conway, being the interest due on a $35,000 obligation owed by South Union Township to the South Union Township Sewage Authority for a period beginning June 1, 1974, through December 31, 1974. The testimony and the court records indicate that South Union Township agreed to a consent order being entered against them certifying their obligation to pay to the South Union Township Sewage Authority the sum of $35,000 in accordance with a prior agreement. The court finds that Supervisors Nicholas Komanecky and James

Conway deliberately and willfully refused to pay the said sum after the same was acknowledged to be due in open court and a consent order was entered to that effect. The refusal was without proper cause or basis. The court further finds that funds were available from which the sum could and should have been paid. The refusal to pay the sum due increased the obligation of the township by $1,230.50, to the township's loss. It is the increase of the obligation that is the basis of surcharge, not whether or not the sum was actually paid. The court further rejects the contention that any obligation of the township supervisors to a sewer authority which was created by the township cannot accrue interest. Municipal authorities are not the creatures, agents or representatives of the authorizing municipality. They are independent agencies of the Commonwealth and part of its sovereignty. The power of municipal authorities are contained in the Municipality Authorities Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq., and not in the codes granting powers to the various classes of municipalities of the Commonwealth: Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A. 2d 843 (1964).

The surcharge against Nicholas Komanecky and James Conway in the sum of $1,230.50 is affirmed.

*Surchase number 6 and surcharge number 7.* These two surcharges arise from the payment of the sum of $1,000 and $1,500, respectively, by the township to Nicholas Komanecky, individually, for the purpose of providing a pension plan. Nicholas Komanecky had the election to make the determination as to how the money should be applied to provide pension benefits. It is not questioned that the money was, in fact, paid, nor is it questioned

that the board authorized its payment. The only question to be determined is whether or not the township supervisors had the power to do this. The court is of the opinion that they did not. The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65713, provides, inter alia, that the supervisors can

". . . make contracts of insurance with any insurance company, or nonprofit hospitalization corporation, or nonprofit medical service corporation, authorized to transact business within the Commonwealth, insuring its employees, and/or their dependents, or any class or classes thereof, under a policy or policies of group insurance covering life, health, hospitalization, medical service, or accident insurance, and may contract with any such company, granting annuities or pensions, for the pensioning of such employes, and for such purpose, may agree to pay part or all of the premiums or charges for carrying such contracts, and may appropriate out of its treasury any money necessary to pay such premiums, or charges, or portions thereof."

Although this money may have been used, and properly so, for the purchase of an annuity or pension for the employe, the board has no authority to make a direct distribution of money to the employe to invest it in whatever manner that the employe desires, without any restriction or limitation.

The surcharge in the sum of $1,000 and the surcharge in the sum of $1,500 against Nicholas Komanecky, James Conway and Charles Schiffbauer is affirmed. Nicholas Komanecky is directed to repay all funds received during the year 1974 for pension purposes. This is not to say that the

sum of $2,500 appropriated for pension purposes for Mr. Komanecky for the year 1974, when returned to the township may not be used for that purpose, but the court is only requiring that the sum be utilized for that purpose in compliance with The Second Class Township Code.

*Surcharge number 8.* This surcharge arises from the payment of the sum of $1,500 by the township to Fayette Bank and Trust Company for the benefit of James Conway as a part of a pension program. The testimony indicated that for the year 1974, $1,000 was paid to the Baltimore Life Insurance Company toward the purchase of an annuity to establish pension benefits for James Conway. When the township supervisors increased the amount of contribution per year to $2,500, the township supervisors were informed that because James Conway was over the age of 65, no further annuity could be purchased for him. It was recommended by the insurance agent that a "split-funding program" be established with $1,000 paid to Baltimore Life Insurance Company and $1,500 to be utilized to purchase certificates of deposit from Fayette Bank and Trust Company in the name of the township and James Conway to supplement the pension program as established by Baltimore Life Insurance Company.

The court makes no ruling at this time as to the propriety of this program as the court will require additional information in order to make the determination.

*Surcharges numbers 9 through 20, inclusive, and surcharges numbers 33 through 58, inclusive.* These surcharges arise out of the payment by the township to employes of South Union Township as a payment toward premiums for hospitalization

insurance. Under the Township Code, it is permissible for the township to pay all or part of insurance premiums for hospitalization insurance for its employes. There is no evidence that there was any loss experienced by the township as a result of this practice. However, in the court's opinion, it is illegal to make payment directly to the employe for this purpose, and this practice should immediately cease. Since the payment is permitted and it is only the method of payment which is challenged and the court does find any bad faith on the part of the township supervisors, these surcharges are vacated and discharged.

*Surcharges numbers 21 through 32, inclusive.* These surcharges arise out of the payment to Blue Cross of Western Pennsylvania on account of hospitalization for Supervisor Charles Schiffbauer.

The court finds that this payment was proper and, therefore, the surcharge is vacated and discharged.

*Surcharge number 59.* This surcharge arises out of the payment of $168 to Nicholas Komanecky, James Conway and Charles Schiffbauer for overtime for services performed by Charles Schiffbauer and Nicholas Komanecky in their capacity as roadmasters. The basis of the surcharge is that they were monthly employes and no overtime was authorized by the board of auditors. The testimony revealed that they were, in fact, paid on a daily basis rather than monthly. In view of the fact that there was no challenge that the work was performed or that the payment was unreasonable, the audit exception is vacated and discharged.

It is strongly recommended, however, that the auditors be more specific in setting up a payment schedule for supervisors acting as roadmasters, in-

cluding, inter alia, the establishment of what constitutes a work day and what payment, if any, should be made for overtime and under what circumstances overtime can be paid.

The court directs that all sums due the Township of South Union, in accordance with this opinion, be paid within 30 days of this date.