In Re: Appeal From Report of Audit of South Union Township for 1975.

Appeal of Auditors of South Union Township *v.* Nicholas Komanecky and James Conway. Auditors of South Union Township, Appellants.

2

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Simon B. John,* with him *John & John,* for appellants.

*Anthony J. Kovach,* for appellees.

OPINION BY JUDGE MENCER, October 26, 1979:

This is an appeal by the South Union Township Board of Auditors (Board) from an order of the Court of Common Pleas of Fayette County dismissing and denying the Board's surcharges filed against South Union Township Supervisors, Nicholas Komanecky and James Conway for the year 1975. We affirm.

The Board filed 162 surcharges, pursuant to Section 545 of the Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65545, which provides:

> Any elected or appointed officer, whose act, error or omission has contributed to the financial loss of any township, shall be surcharged by the auditors with the amount of such loss, and the surcharge of any such officer shall take into consideration as its basis, the results of such act, error or omission and the results had the procedure been strictly according to law. The provisions hereof limiting the amount of any surcharge shall not apply to cases involving fraud or collusion on the part of such officers, nor to any penalty ensuing to the benefit of or payable to the Commonwealth.

The issue before us is simply whether the court below erred in dismissing the surcharges.

Surcharges 1 through 12 pertain to amounts paid to the Supervisors, in their capacity as roadmasters, as compensation for the use of their private automobiles for township business. Section 515 of the Code, 53 P.S. §65515, permits such compensation in accordance

with rates established by the auditors. Unfortunately, the auditors, believing that sufficient township vehicles existed for such use, refused to set a rate of compensation. The payment of compensation without auditor approval in accordance with Section 515 is the basis for the surcharge. Supervisors may be liable for surcharge for their failure to act in strict conformance with the law. *See Cotlar v. Warminster Township,* 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973). In this case, however, we are unable to conclude that the township suffered a financial loss on which to base a surcharge. The Supervisors authorized compensation which it is agreed was reasonable, and, therefore, the actual compensation did not differ from that which would have been paid had it been set by the auditors in accordance with the law. Where as here, the actual result does not differ from the result which would have been reached had the act been carried out in strict conformance with the law, there is no loss and the surcharge is properly dismissed. *See* Section 545 of the Code; *cf. Audit Report of Township of Bristol 1967,* 57 Pa. D. & C. 2d 18 (Bucks Co. 1972) (without actual loss, surcharge may not be imposed on account of official's act, error, or omission under Section 1003 of The First Class Township Code,[1] 53 P.S. §56003, and Section 1 of the Act of May 15, 1945, P.L. 538, *formerly* found at 65 P.S. §191,[2] statutes providing for surcharges similar to those under The Second Class Township Code). *Cf.* also *Davis v. Carbon County,* 369 Pa. 322, 85 A.2d 862 (1952) (absent fraud and actual loss, surcharge imposed upon county commissioners was improper under Sections 1 and 2 of the Act of May 15, 1945, *formerly* found at 65 P.S. §§191, 192).

---

[1] Act of June 24, 1931, P.L. 1206, *as amended.*

[2] Repealed by Section 802 of the Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.802.

Surcharges 16 through 81 pertain to amounts paid to township employees to be used for hospitalization insurance premiums. Section 702, clause XIII, of the Code, 53 P.S. §65713, permits the expenditure of funds to secure hospitalization insurance for employees. The surcharge is based upon the determination that *direct* payment to employees of those amounts is not permitted under Section 702.[3] Regardless of the direct payment to employees, there was no showing that the amounts paid to the employees differed from that which would have been paid directly to the insurer and, therefore, there was no showing that the township suffered a loss. The surcharge was properly dismissed.[4]

Surcharges 82, 83, 85, 126, 128 through 158, and 160 pertain to amounts expended to purchase equipment to produce and apply asphalt for road maintenance.[5] Section 702, clause X, of the Code, 53 P.S. §65710, permits the purchase of materials and equipment "necessary" for the maintenance of roads. The surcharge was based upon the auditors' determination that the equipment was not necessary and that its purchase constituted an abuse of discretion. It is agreed that the equipment was purchased in a procedurally correct manner. There was evidence on both sides regarding the necessity. The lower court, recognizing that courts will not review the action of governmental officials involving acts of discretion in the absence of bad faith, fraud, capricious action, or abuse of discre-

---

[3] *See South Union Township Board of Auditors v. South Union Township Board of Supervisors*, 75 Pa. D. & C. 2d 324 (Fayette Co. 1976).

[4] The auditors' argument that Supervisor Komanecky's endorsement on the reverse side of some of the checks issued for hospitalization insurance constitutes bad faith is without merit since the record contains no evidence of any impropriety in this regard.

[5] Equipment included an amiesite plant, paver, roller, trucks, asphalt oil, storage tanks, and stone.

tion,[6] decided that the Supervisors' action here did not constitute such an abuse of discretion as to warrant the surcharge. While we may question the wisdom of the Supervisors' action, we cannot conclude that the lower court erred in dismissing the surcharge.

Surcharges 88 through 102 pertain to back wages paid to certain township employees pursuant to an arbitration award for a period of approximately one month when the employees were not working due to a labor dispute. The lower court appears to dismiss the surcharges on the basis that the arbitration award is binding on the township under the labor contract, and matters resolved in the arbitration process are not proper grounds for issuance of a surcharge. The auditors on appeal, however, allege that the labor dispute and subsequent award of back pay were the result of Supervisor Komanecky's imprudent and abusive conduct as roadmaster, thereby justifying the surcharge. We agree with the auditors that, if it were shown that the Supervisor violated the contract or law or engaged in misconduct which constituted an abuse of discretion, the surcharge would be proper. In this case, however, there was no evidence that Supervisor Komanecky violated the contract or the law; and the evidence regarding his alleged imprudent conduct is simply insufficient, under the peculiar uncontradicted evidence in this case,[7] to demonstrate an abuse of discretion warranting the surcharge. Therefore, the surcharges were properly dismissed.

Surcharge 117 pertains to the cost of relocating a water line which was necessitated by the Supervisors' decision to construct a building on township property on which an easement for the water line existed. It is

---

[6] See Goodman Appeal, 425 Pa. 23, 227 A.2d 816 (1967).

[7] Supervisor Komanecky carried a gun because of his role as police officer and because of alleged threats against his life.

undisputed that the decision to construct the building was within the power of the Supervisors and that the decision was made in a procedurally correct manner. Again, we cannot, after reviewing the record, reverse the lower court's determination that the Supervisors' action did not constitute an abuse of discretion. Therefore, the surcharge is properly dismissed.

Surcharge 118 pertains to the cost of removal of a privately owned building which constituted a hazard when the Supervisors, prior to removal, failed to enter judgment against the property allegedly in violation of an ordinance. Section 702, clause XII, of the Code, 53 P.S. §65712, permits removal of dangerous structures on private ground and permits the collection of the costs from the owner. There was evidence that the removal was necessary and that a subsequent Board of Supervisors refused to authorize the township to seek an entry of judgment against the owner. Since there was no evidence that judgment against the owner could not be entered subsequent to removal, if authorized, which action would place the township in the same position had it been done prior to the removal, the lower court correctly concluded that there was a failure to show a financial loss and properly dismissed the surcharge.

Surcharge 119 was imposed against Supervisor Komanecky alone, because of an apparent conflict of interest between his duties as Supervisor and as agent for an insurance company providing some hospitalization insurance for township employees. There was no allegation that he acted in bad faith or fraudulently or that his action violated the law. Further, it was not shown that the township suffered a financial loss as a result. Therefore, the surcharge was properly dismissed.

Surcharges 84 and 162 pertain to expenditures for police equipment and materials allegedly for the build-

ing of a jail. The power to provide police protection is provided for under the Code. *See* Section 702, clause XLIII, of the Code, 53 P.S. §65743. A review of the record shows that the court below did not err in concluding that the Supervisors' actions regarding these purchases did not constitute an abuse of discretion. The surcharge was therefore properly dismissed.

The remaining surcharges were not before us on appeal.

Finally, the auditors contend that the lower court committed reversible error in refusing to allow Supervisor Conway to be called to testify as on cross-examination by the auditors. In a civil proceeding, a party to the record or a person whose interest is adverse to the party calling him as a witness may be compelled to testify as if he were under cross-examination. 42 Pa. C.S. §5935. The court below did not allow Supervisor Conway to be called as on cross-examination because of its determination that the proceeding was quasi-criminal and that he therefore had a right to refuse to testify to protect his right against self-incrimination. The action of imposing surcharges in conjunction with the auditors' report, however, is civil in nature rather than quasi-criminal, since the function of the surcharge is remedial and not punitive, *i.e.*, it is designed to reimburse the government for losses resulting from some misconduct of its officials. *See Audit Report of Township of Bristol 1967, supra; cf. City of Philadelphia v. Kenny,* 28 Commonwealth Ct. 531, 369 A.2d 1343 (1977) (proceeding to collect unpaid wage taxes plus a penalty based upon a percentage of unpaid taxes is a civil proceeding for purposes of asserting Fifth Amendment privileges). Therefore, the court erred in not permitting Supervisor Conway to be called to testify. The error, however, was harmless in this particular case since, even had he been called as on cross-examination, the auditors would

have been bound by the Supervisor's testimony. *See Guida v. Giller*, 406 Pa. 111, 176 A.2d 903 (1962); *Rogan Estate*, 404 Pa. 205, 171 A.2d 177 (1961). Since the auditors were totally uncertain as to what his testimony might have been, they could understandably offer no reason why this potential testimony would have altered the result. The record here does not demonstrate any such prejudice arising from this error as would justify a reversal in the instant case. *See Suckling v. Pennsylvania Thresherman and Farmers' Mutual Casualty Insurance Co.*, 426 Pa. 503, 233 A.2d 279 (1967).

Order affirmed.

### ORDER

AND Now, this 26th day of October, 1979, the order of the Court of Common Pleas of Fayette County dated December 30, 1977 and docketed at No. 333 Civil 1976, is affirmed.