## In Re: Appeal from Settlement and Audit

*Michael M. Mustakoff,* for the controller.
*Peter A. Dunn,* for the commissioners.
*Denis M. Dunn,* for Commissioner Plafker.

DIGGINS, *Sr.J.*, July 17, 1985—Currently before the court is an appeal by petitioners Commissioners of Marple Township to strike the audits which were filed by the township's controller.

Appellants are Joseph Aloi, James F. Barr, Gerald J. Conners, Sr., Robert S. Hass, Bonita E. Scott, Richard E. Worley and Jack E. Lantrip, who were Commissioners of Marple Township for the years 1981 and 1982. Mark Plafker, also an appellant, was a commmissioner for the year 1981 only.

The Controller for Marple Township, John Longacre, filed qualified audits for the years 1981 and 1982 from which this appeal arises.

The facts of the matter are as follows: John Longacre took office as Controller of Marple Township on January 4, 1982, after being elected to the position in the general election the previous Novem-

ber. Also in January of 1982 and again in January of 1983, Jack Felzer and Company, P.C., were appointed as auditors for Marple Township. Therefore, at this time, both the elected position of controller and the appointed position of auditor were in existence.

On October 11 and 12, 1983, Mr. Longacre, acting within his capacity as controller, filed qualified audits for Marple Township for the years 1981 and 1982. Prior to this time, Jack Felzer and Company had previously filed their own audits which did not coincide with those of the controller. The Felzer report for 1981 was filed March 15, 1982, and for 1982 on March 16, 1983.

The controller-filed audits allege that the township commissioners had mishandled township funds, (the general fund, proceeds of a loan for highways and refuse and sewer funds). Because of the mishandling of these funds, the controller assessed a surcharge upon the township commissioners.

The issue at this point is the legality of the surcharge placed upon the township commissioners when both the elected controller and the appointed auditor filed audits. Also in question is the controller's allegation of fraud due to the mishandling of township funds by the commissioners, based upon the controller's audits which differ substantially from those of the appointed auditor.

The first question which needs to be resolved is the validity of the Felzer appointment. Under 53 P.S. §55520, a township may provide for the appointment of an auditor rather than his election. The code also provides that the elected controller's office shall continue until an ordinance creating this office is repealed by the township commissioners, Palermo v. Stowe, 112 P.L.J. 251 (1964). No

evidence has been offered to show that the office of the elected controller has been abolished. Therefore, the elected position of controller and the appointed position of auditor cannot coexist in a first-class township such as Marple. By virtue of this fact, the controller John Longacre is in the appropriate position to file the audit for Marple Township for 1981 and 1982.

Appellants further contend that the controllers' audits were filed outside the statutory period required by state law and, therefore, the controllers' audits are a nullity. Appellants contend that since their 1981 and 1982 audits were filed before the April 15 deadline, (March 15, 1982 and March 16, 1982, respectively) that these filed audits are valid and therefore the only audits to be considered legal. The court in the case of In Re Auditor's Report for Neville Township, 166 Pa. Super. 122, 70 A.2d 379 (1950), held that the statutory requirement that township auditors *shall* file copies of their reports with the clerk of the court not later than a certain date is directory rather than mandatory. The court went on to hold that failure to file an audit within prescribed time will not prevent reports from being valid.

It is true that the controller's audits were filed after the directory statutory period and the audits by the Felzer Company were filed within the period, but this does not mean that the Felzer audits should prevail. By virtue of the fact that the controller was acting within the capacity of his position, and that only he was the appropriate person to file the audits, his filed audits are valid. The filed Felzer audits would not be valid because the appointed auditors were never in a position to file audits on behalf of the township as long as the elected position of controller was still in existence.

Even had Felzer been appointed as auditor for the township, the Felzer audits would not have been valid because of Felzer's failure to publicly advertise the audit results as required by statute. 53 P.S. §56003. Had Felzer been properly appointed as auditor for the township, failure to advertise the auditing results would make the legitimacy of the filed reports questionable at best, if not invalid altogether. The court in Re Auditor's Report for Neville Township, supra, held that an unadvertised audit was unratifiable. Therefore, if an audit is unratifiable, it would logically follow that the audit is also invalid.

This now brings us to the legality of the surcharges placed upon appellant commissioners by the controller. The court in Appeal of Warminster Township, 56 D.&C.2d 99 (1971), in applying section 545 of 53 P.S. §65545, held an elected or appointed officer whose act has contributed to the financial loss of a township shall be surcharged for the amount of the loss. 53 P.S. §65545 invests in the controller of Marple Township the power to surcharge the township commissioners if the township has sustained a financial loss because of the commissioners' acts. The controller contends that fraud exists on the part of the township commissioners. This question still remains to be answered. If the township has sustained any financial loss because of the act of its elected commissioners, it is just and appropriate for the controller to surcharge these elected officials for the loss. In Re Report of Audit of South Union Township for 1975, 47 Pa. Commw. 1, 407 A.2d 906 (1979). 53 P.S. §65545 specifically states:

"An elected or appointed officer whose acts, error or omission has contributed to the financial loss of

any township, shall be surcharged by the auditors with the amount of such loss."

Here, the language of auditor and controller is used interchangeably. In the situation before this court, it would be equitable for the controller to place a surcharge upon the commissioners if such a financial loss as the controller suggests does indeed exist. The existence of the financial loss and the amount remains to be determined.

Therefore, we enter the following

## ORDER

And now, this July 16, 1985, after hearing testimony and reviewing briefs, it is hereby ordered and decreed:

1. The controller John Longacre is the proper and appropriate official to submit the audit for Marple Township, therefore, appellants' motion to strike the audits filed by the township controller is denied.

2. Although the controller's audits were filed outside the statutory period, they are still valid.

3. The Felzer audits are not legitimately filed on behalf of Marple Township, therefore, they are struck.

4. A further hearing shall be scheduled to determine if indeed fraud does exist and if the township did sustain financial loss because of the acts of its commissioners and the amount of said loss.