Joseph Synoski, Angelo Spadell and Joseph Belusko, Appellants *v.* Hazle Township, Appellee.

Argued September 13, 1985, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Pasco L. Schiavo,* for appellants.

*Anthony J. Lucadamo,* with him, *Anthony J. Dixon,* for appellee.

OPINION BY JUDGE COLINS, November 26, 1985:

Joseph Synoski, Angelo Spadell, and Joseph Belusko (appellants) appeal from an order of the Court of Common Pleas of Luzerne County raising their hourly wage as roadmasters of Hazle Township from Six Dollars and Fifty Cents ($6.50) to Seven Dollars and Five Cents ($7.05). On appeal, it is contended that the court below erred in not raising appellants' salaries higher.

Appellants are supervisors of Hazle Township elected under the provisions of the Second Class Township Code (Code)[1] for staggered six-year terms.[2]

---

[1] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67107.

[2] Section 410 of the Code, 53 P.S. §65410, provides that each supervisor shall serve a six-year term. Section 402 of the Code, 53

As supervisors, they are empowered under Section 516(e) of the Code to

> Employ or hire such persons as may be necessary for the general conduct of the business of the township, and provide for the organization and supervision of the persons so employed, and work on the roads themselves when so directed to do so by the board of supervisors.

Section 516(e), 53 P.S. §65516(e). Using this authority, appellants had entered into collective bargaining agreements with a crew of workmen, agreeing to pay foremen Seven Dollars and Ninety-five Cents ($7.95) per hour, and laborers Seven Dollars and Five Cents ($7.05) per hour. Appellants then appointed themselves to supervise and work alongside the contracted workmen as roadmasters.

The appellants' salaries as roadmasters were required to be set by the Township Auditors as per Section 515 of the Code, 53 P.S. §65515. The auditors set the salaries at Six Dollars and Fifty Cents ($6.50) per hour. Appellants disputed and properly appealed the 1983-84 report of the auditors[3] using the procedure outlined in Section 553 of the Code, 53 P.S. §65553. The court below granted partial relief and now the matter is before us for resolution.

Appellants argue that because the union foremen on the road work sites receive Seven Dollars and Ninety-five Cents ($7.95) per hour, and because appellants' own roadmaster salaries in 1983 and 1982 were, respectively, Eight Dollars and Twenty Cents

P.S. §65402, provides that each Township must elect three (3) supervisors, one (1) assessor, three (3) auditors, one (1) tax collector, and may elect two (2) additional supervisors. In addition, a secretary and treasurer may be appointed. Section 511 of the Code, 53 P.S. §65511.

[3] The report was prepared by the Township's auditors in accordance with Section 547 of the Code, 53 P.S. §65547.

($8.20) per hour, and Seven Dollars and Ninety Cents ($7.90) per hour, the auditors and the trial court both abused their discretion or committed errors of law in setting the roadmaster salary below that of the union foremen and in cutting the wage from prior years. Appellants contend that the Seven Dollars and Five Cents ($7.05) hourly wage set by the lower court is too low, and that the salaries should be set at Eight Dollars and Fifty Cents ($8.50) per hour to reflect an increase over 1983 and 1982 and a wage differential between the union foreman and roadmaster.[4] Appellants also seek interest and additional attorney's fees.[5]

The lower court heard the matter *de novo,* and made findings of fact regarding testimony by numerous officials of appellee Township. This Court's review is limited to vindicating constitutional rights and correcting errors of law or abuses of discretion. *In Re Report of Audit of South Union Township for 1975,* 47 Pa. Commonwealth Ct. 1, 407 A.2d 906 (1979); *see also In Re Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979). Because the lower court committed no errors of law and founded its orders on substantial evidence, its order will be affirmed.

The legality of the wages set for appellants by the Township auditors is determined by reference to Section 515 of the Code, which states:

> Supervisors may receive from the general township fund, as compensation, twenty-five dollars for each meeting which they attend. The compensation of supervisors, when acting

---

[4] It appears that the trial court determined the Seven Dollars, Five Cents ($7.05) figure by looking to evidence of the hourly wage of the lowest-paid union physical laborer.

[5] The lower court entered awards of Seven Hundred Fifty Dollars ($750.00) to counsel for appellants and One Thousand Dollars ($1,000.00) to counsel for appellee Township.

as superintendents, roadmasters or laborers, shall be fixed by the township auditors either per hour, per day, per week, semi-monthly or monthly, which compensation shall not exceed compensation paid in the locality for similar services, and such other reasonable compensation for the use of a passenger car, or a two-axled four-wheeled motor truck having a chassis weight of less than two thousand pounds and a maximum gross weight of seven thousand pounds when required and actually used for the transportation of road and bridge laborers and their hand tools and for the distribution of cinders and patching material from a stock pile, as the auditors shall determine and approve; but no supervisor shall receive compensation as a superintendent or roadmaster for any day he receives compensation for attending a meeting of supervisors, unless such meeting is held after regular working hours.

Section 515, 53 P.S. §65515. The supervisors are empowered under Section 516 of the Code, 53 P.S. §65516, and elsewhere, to hire road crews and appoint themselves to roadmaster and laborer positions. The manifest purpose of Section 515 of the Code is to prevent supervisors from enriching themselves at county expense by setting their own salaries as roadmasters. *See McCutcheon v. State Ethics Commission,* 77 Pa. Commonwealth Ct. 529, 466 A.2d 283 (1983); *Cotlar v. Warminster Township,* 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973).

Auditors have very broad discretion in setting salaries pursuant to Section 515. No maximum or minimum rates of pay are required by the statute, except that the rates ''shall not exceed compensation paid in the locality for similar services . . .'' 53 P.S. §66515. In *McCutcheon,* it was held that supervisors

of second class townships acting in their role as road-masters are mere employees of the township. *Id.* at 531-33, 466 A.2d at 285-86. It has further been held that a roadmaster is dischargeable at will from his position. *See Perkiomen Township v. Hunsberger,* 55 Pa. Commonwealth Ct. 6, 423 A.2d 13 (1980). The word ''compensation'' under the statute includes more than mere wages; it also includes fringe benefits such as insurance, pension, and medical plans and premiums. *McCutcheon,* 77 Pa. Commonwealth Ct. at 533, 466 A.2d at 286.

Appellants urge us to adopt the rationale of an unreported case decided in the Court of Common Pleas of Franklin County, presenting some similar issues relating to Section 515 of the Code. They argue that the Franklin County case requires this Court to revise the hourly rate set by the trial court upwards because the court in that case looked to the collective bargaining rate in refixing the Section 515 wage.

Decisions of a Court of Common Pleas are, of course, not precedent for an appellate Court. The case cited by appellants does demonstrate a Common Pleas Court power to readjust and refix a Section 515 wage rate based on the evidence before it without remanding back to the Township auditors. That is what the Trial Court did here. For this Court to disturb the figure set by the lower court requires some further allegation of legal error or abuse of discretion by the lower court aside from any error committed by the auditors.[6]

The lower court in this case did not abuse its discretion or make an error of law. The remedy was

---

[6] *See In Re Report of Audit of South Union Township,* 47 Pa. Commonwealth Ct. 1, 407 A.2d 906 (1979) ; *Festa v. Derry Township,* 49 Pa. Commonwealth Ct. 297, 411 A.2d 904 (1980).

fashioned in light of substantial evidence and the legal requirements of the Code. The auditors under Section 515 were perfectly free to reduce or increase the salaries of the roadmasters from year to year. There was testimony that traditionally only two persons acted as roadmasters, and that 1984 was the first in which three had been appointed. This made an individual pay cut reasonable in light of the overall increase in outlays for roadwork. Second, substantial fringe benefits existed in appellee Township. In neighboring townships, supervisors acting as roadmasters were being paid the same or less but without fringe benefits.[7] Third, there can be no legal requirement imposed by this Court that the appellants be paid in accord with a prevailing collective bargaining wage. Such a legal requirement would actually frustrate the public policy enunciated by Section 515 of the Code since the supervisors themselves negotiate the collective bargaining wages in the exercise of their supervisory duties. To peg the roadmaster rate set by the auditors at the rate negotiated by the supervisors would be to nullify the provisions of Section 515. This would be against public policy as delineated in cases like *McCutcheon*.[8]

---

[7] Appellants may actually have been overpaid in violation of Section 515, since the fringe benefits they received are compensation for purposes of the statute, but the Township has not raised this argument.

[8] The lower court was justified in using the collective bargaining wage as evidence of what a fair wage was in setting the $7.05 figure. This is different than what appellants urge, *e.g.* a legal *requirement* that the collective bargaining wage be determinative of the roadmaster wage. The former was within the power of the Court to do; the latter would violate Section 515 of the Code. *See McCutcheon*. The Franklin County case cited by appellants is not inconsistent with this rule since it also looked to the collective bargaining wage as evidence of what a fair wage would be under Section 515 rather than as a minimum legal requirement.

The trial court did not abuse its discretion in awarding fees to counsel for appellants and appellees pursuant to 53 P.S. §§65563 and 65550. There is no legal basis for a new interest award, and since the issue of interest on the original award was not raised properly below, it cannot be considered for the first time on appeal. *See Wynnewood Civic Association v. Lower Merion Township Board of Adjustment*, 406 Pa. 413, 179 A.2d 649 (1962).

Because the lower court's award of a $7.05 hourly wage was not legally incorrect and was founded on substantial evidence, it will be affirmed, along with the awards of counsel fees. The request for interest is denied.

ORDER

AND Now, this 26th day of November, 1985, the order of the Court of Common Pleas of Luzerne County, No. 1455-C, Civil Docket 1984, filed December 5, 1984, is affirmed.