## Hinkle v. Southampton Township
## Board of Auditors

*Robert G. Frey,* for plaintiff.
*H. Anthony Adams,* for defendant.

BAYLEY, *J.,* July 14, 1992—Since 1988, appellant Erma Hinkle has been a full-time working supervisor for Southampton Township, a municipality under the Second Class Township Code, 53 P.S. §65101 et seq.  Appellee, Southampton Township, Cumberland County, Board of Auditors, filed a report for the year ending December 31, 1991, pursuant to 53 P.S. §65547.  The board surcharged appellant $1,315.04.  Its report states:

"During the audit of township invoices paid, it was found that the township is paying for health coverage for persons not eligible according to the guidelines for coverage.  In researching eligibility of the Trustee Insurance Co., the auditors found that a 'child must be a full day time student, in *actual attendance,* at an accredited school or college.'  As a result it will be necessary to surcharge Erma Hinkle, supervisor, for the difference

between family coverage and coverage for herself and her spouse.

"The bills in question are from Trustees Insurance Fund, check number 1612 dated September 23, 1991, in the amount of $9,115. Amount paid on behalf of Erma Hinkle was $2,065 and should have been $1,816—a difference of $789. A second bill was paid to Trustee Insurance Co. in the amount of $4,876.52. The amount paid on behalf of Erma Hinkle was $1,739.88 and amount allowable was $1,213.84—a difference of $526.04. In accordance with COBRA Extension Rules for Townships of the Second Class participating in the Trustees Insurance Fund, 'if an insured individual become ineligible for health coverage because of the occurrence of a qualifying event, the person may be given the opportunity to continue coverage *at no cost to the township.*' In this case the qualifying event is the dependent child ceasing to be a dependent, as defined in the group policy. A copy of the surcharge in the amount of $1,315.04 given to Mrs. Hinkle is attached to this audit."

Appellant filed a notice of appeal on which we held a hearing on July 8, 1992, pursuant to 53 P.S. §65560, that provides:

"After hearing, the court shall file its findings of fact and law, and enter judgment in accordance therewith...."

Section 65559 provides:

"The accounts of the officer in question may be investigated de novo. The figures and facts found and stated by the auditors in their report of audit shall be taken as prima facie correct as against any such officer, and the burden shall be upon the officer, whose accounts

are in question, to establish the validity of the credits which he claims."[1]

We make the following findings of fact. Appellant is one of five full-time employees of Southampton Township, who with one part-time employee, receive group health insurance from the township as a benefit of their employment.[2] The insurance is underwritten by State Mutual Life Assurance Co. of America, and is administered by the Trustees Insurance Fund sponsored by the Pennsylvania State Association of Township Supervisors. The coverage is for each eligible employee, their spouse and their eligible children.

Appellant's daughter, Diane Hinkle, at age 20, enrolled as a freshman at Shippensburg University in the fall term of 1990. At that time she was added to appellant's group health-insurance plan as an eligible child.[3] She completed her freshman undergraduate year in May 1991, but took leave from the fall 1991 and spring 1992 semesters because she had a baby on October 31, 1991. In June 1992, she resumed her undergraduate studies by taking a course during the summer term. When Diane temporarily stopped attending classes to have her baby, appellant informed the health insurance carrier, through the Trustees Insurance Fund, that her daughter would be on a leave of absence, after which she intended to return to her studies. Appellant was informed by the manager of the fund that Diane's insurance coverage would continue, and in fact, the State Mutual Life Assurance Co. of America paid all of the medical expenses related to Diane's pregnancy and the birth of her child. The insurance carrier acknowledges that appellant's daughter has been and con-

---

1. See *Draper Appeal,* 412 Pa. 26, 192 A.2d 727 (1963).

2. See *Auditors of South Union Township Appeal,* 47 Pa. Commw. 1, 407 A.2d 906 (1979).

3. She had previously been out of high school and working.

tinues to be an eligible child for whom it is responsible to pay health benefits. In a letter dated May 13, 1992, to the manager of the Trustees Insurance Fund, the company stated its position:

"We respectfully disagree with the view of the Board of Auditors that Diane Hinkle was not eligible for dependent coverage due to a lack of 'actual attendance' at college. We do not believe it is a correct interpretation of the eligibility requirements of our policy to conclude that lack of actual attendance automatically terminates the eligibility of a dependent who was already qualified for dependent coverage. Such an interpretation would mean that an eligible dependent who became ill during summer vacation from college and thus was unable to attend classes during the fall semester would lose their eligibility due to lack of actual attendance. We do not believe this to be an appropriate interpretation of the policy's eligibility requirements."

Despite the fact that the health insurance carrier has paid benefits for appellant's daughter during her temporary leave of absence from attending classes to have a baby, and further acknowledged, in writing, its contractual responsibility to do so, appellee has concluded that it has the right to determine whether Diane was eligible for benefits under the group health-insurance plan. Since it concluded she was not, it surcharged appellant $1,315.04 for the difference in the premiums it paid for her group coverage which included Diane as an eligible child, as compared to what it would have paid if Diane was not an eligible child.

In group insurance policies, the insurance carrier and the employer are the primary contacting parties and the rights of an insured employee are no greater than as pro-

vided by the terms of the policy. *Guardian Life Insurance Co. v. Zerance*, 505 Pa. 345, 479 A.2d 949 (1984). Since the insurance carrier has determined that Diane was an eligible child under the contract of insurance it drafted, any remedy to the employer for what it may perceive as unacceptable terms lies in re-negotiating the contract. The Board of Auditors cannot change the terms of the contract and was without authority to surcharge appellant. The authorization to impose surcharges is set forth at 53 P.S. §65545, which provides in pertinent part:

"Any elected or appointed officer, *whose act, error or omission has contributed to the financial loss of any township, shall be surcharged by the auditors with the amount of such loss,* and the surcharge of any such officer shall take into consideration as its basis, the results of such act, error or omission and the results had the procedure been strictly according to law. The provisions hereof limiting the amount of any such surcharge shall not apply to cases involving fraud or collusion on the part of any such officers, nor to any penalty in suing to the benefit of or payable to the Commonwealth."

It is misconduct for which a supervisor may be surcharged. *Draper Appeal, supra.* We conclude as a matter of law that *appellant* committed no act, error or omission that contributed to financial loss by the township; therefore there is no legal basis to support the surcharge.[4] Accordingly, the following order is entered.

## ORDER OF COURT

And now, July 14, 1992, appellee's surcharge of appellant of $1,315.04, is reversed.

___

4. See *Auditors of South Union Township Appeal, supra.*