520 A.2d 1241

In Re: Appeal of the Auditor's Report of Muncy Creek Township. Muncy Creek Township, Appellant.

Argued November 20, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*John P. Campana, Groulx & Rudinski,* for appellant.

*Richard A. Gray, Mitchell, Mitchell & Gray,* for appellee.

*Thomas L. Wenger, Wix, Wenger & Weidner,* for amicus curiae, Pennsylvania State Association of Township Supervisors.

OPINION BY JUDGE CRAIG, February 11, 1987:

Muncy Creek Township appeals from an order of the Court of Common Pleas of Lycoming County affirm-

ing the Muncy Creek Township auditors' surcharge against two of the township's supervisors. We affirm.

According to a stipulation of facts, the township supervisors, in 1983, approved the payment of a $798.30 premium on a health insurance policy for one of the supervisors. The supervisors also approved payment of a $541.85 premium on a life insurance policy for another supervisor. Neither one of the supervisors, for whom payment of the premium was authorized, was otherwise employed by the township. The auditors did not approve the insurance coverage and later surcharged the individual supervisors for the amount of the premium payments.

The township and the township supervisors appealed the surcharge, claiming that section 702 of the Second Class Township Code,[1] 53 P.S. §65713, authorizes the premium payments. The court of common pleas affirmed the surcharge because it determined that a township supervisor not otherwise employed by the township is not a person authorized to receive publicly-funded insurance coverage under section 702.

The township appeals from the court's determination contending that: (1) the court erred when it permitted the auditors to defend the surcharge and ultimately approved compensation to their attorney, and (2) the court improperly construed section 702 of the Second Class Township Code when it ruled that the supervisors were not authorized to appropriate public funds for health and life insurance contracts covering supervisors who are not otherwise employees of the township.

Preliminarily, the auditors maintain that the township's appeal should be dismissed because the township failed to preserve the issues raised in this appeal by filing motions for post-trial relief pursuant to Pa. R.C.P.

---

[1] Act of January 26, 1966, P.L. 1619, *as amended*.

No. 227.1, or by excepting to the court of common pleas' ruling pursuant to section 562 of the Second Class Township Code, 53 P.S. §65562.

We note that the proceeding before the Lycoming County Court of Common Pleas was a statutory appeal authorized by section 553 of the Second Class Township Code, 53 P.S. §65553. As such, the proceedings are governed by the Second Class Township Code and not by the rules of civil procedure. *Cf. Haegele v. Pennsylvania General Insurance Co.*, 330 Pa. Superior Ct. 481, 479 A.2d 1005 (1984) (rules of civil procedure not applicable in statutory appeal under Uniform Arbitration Act). Because the Second Class Township Code does not authorize the filing of post-trial motions in an appeal from an auditor's report, we decline to quash the appeal on that ground.

Similarly, although we note that section 562 of the Second Class Township Code permits "any person interested" to "except to the rulings of the court," section 560 of that Code does not require the court to rule separately on such exceptions by way of a final order. Therefore, exceptions under section 562 are not prerequisite to a final appealable order in an appeal from an auditor's report.[2] *See Borough of Ligonier v. Holy Trinity Housing, Inc.*, 64 Pa. Commonwealth Ct. 541, 441 A.2d 479 (1982).

---

[2] The auditors cite *Bethel Park Municipal Council v. Simmons Park Properties, Inc.*, 68 Pa. Commonwealth Ct. 12, 448 A.2d 661 (1982), *National Development Corp. v. Township of Harrison*, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982), and *Wedgewood Associates v. Caln Township*, 54 Pa. Commonwealth Ct. 557, 422 A.2d 1190 (1980), for support of the proposition that the failure to file exceptions in a court of common pleas is fatal to an appeal from an order therefrom. The cited authorities involve actions in mandamus, mandamus and assumpsit respectively—all actions to which the Rules of Civil Procedure apply—and consequently the authorities are not relevant to our analysis.

Regarding the township's first contention, it reasons that to grant the auditors standing on appeal would impinge on the impartiality of that body because the auditors' surcharge was a judicial act. The township analogizes the auditors to a zoning hearing board which, it claims, has only limited standing in a zoning appeal.[3] As the auditors argue, however, that analogy defeats the township's contention. This court has long held that a zoning hearing board has standing to defend its orders before a court of common pleas and the appellate courts because nothing in the Pennsylvania Municipalities Planning Code[4] prohibits a zoning hearing board from participating in such proceedings. *Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977).

Similarly, we find nothing in the Second Class Township Code[5] denying a board of auditors standing to defend a surcharge in a statutory appeal. To the contrary, section 550 of that Code[6] implicitly recognizes the standing of auditors to defend their actions on appeal by authorizing the court to fix additional compensation for the auditor's attorney in such proceedings. If we conclude, as the township urges, that the auditors lack standing to defend actions in statutory appeals, then we would render the language of section 550 meaningless.

---

[3] The township cites *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867 (1934), as authority for its contention that a zoning hearing board has limited standing on appeal. The case, however, only negates a zoning hearing board's right to *appeal* from an adverse decision in a court of common pleas and does not limit the standing of such a board to *defend* its orders in a statutory appeal.

[4] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101-11202.

[5] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65101-67605.

[6] 53 P.S. §65550.

Because we presume that the legislature intends each statute to have effect,[7] we must conclude that the auditors have standing under the Second Class Township Code to defend a surcharge in a statutory appeal.

By virtue of the same statute, we must conclude that Judge WOLLET of the Lycoming County Court of Common Pleas did not err when he authorized compensation out of the Muncy Creek Township's general fund for the auditors' attorney. Section 550 states:

> The compensation for such attorney [hired by township auditors] shall be fixed by the auditors, and shall not exceed thirty dollars, unless an appeal is taken to the court, in which case the court shall fix the additional compensation for the attorney.

By authorizing compensation to the auditors' attorney at a rate of $35 per hour, Judge WOLLET simply followed his statutory mandate.

Turning to the merits of the township's appeal, the crucial language in section 702 of the Second Class Township Code[8] authorizes the supervisors "to make contracts of insurance with any insurance company . . . insuring its employes, and/or their dependents, or any class. or classes thereof, under a policy or policies of group insurance covering life, health. . . ."

---

[7] *Black v. Billy Penn Corp.*, 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983).

[8] **Insurance**

> To expend out of the general township fund such amount as may be necessary to secure workmen's compensation insurance for its employes, including volunteer firemen of companies duly recognized by the township by motion or resolution, killed or injured while going to, returning from, or attending fires in said township or territory adjacent thereto, or while performing any other duties authorized by the township; to make contracts of insurance with any fire insurance company, duly authorized

The issue is whether a township supervisor, not otherwise employed by the township under section 514 of the Second Class Township Code,[9] is an employee of the township for whom the township supervisors may authorize health or life insurance coverage under section 702.

Judge WOLLET correctly identifies the dual role which township supervisors may fulfill—that of township official, for which the township compensates that super-

---

by law to transact business in the Commonwealth of Pennsylvania, on any building or property owned by such township, to make contracts with any insurance company, so authorized, insuring any public liability of the township, including insurance on every township officer, official, and employe for liability arising from errors and omissions in the performance of their duties in the course of their employment, except that liability of elected or appointed officials or officers for surcharge in accordance with law shall not be affected hereby; and to make contracts of insurance with any insurance company, or nonprofit hospitalization corporation, or nonprofit medical service corporation, authorized to transact business within the Commonwealth, insuring its employes, and/or their dependents, or any class or classes thereof, under a policy or policies of group insurance covering life, health, hospitalization, medical service, or accident insurance, and may contract with any such company, granting annuities or pensions, for the pensioning of such employes, and for such purposes, may agree to pay part or all of the premiums or charges for carrying such contracts, and may appropriate out of its treasury any money necessary to pay such premiums, or charges, or portions thereof. The supervisors are hereby authorized, enabled and permitted to deduct from the employe's pay, salary or compensation such part of the premium, or charge, as is payable by the employe, and as may be so authorized by the employe in writing.

[9] Section 514 of the Second Class Township Code, 53 P.S. §65514, authorizes a township to employ a supervisor as a superintendent, roadmaster or laborer.

visor at a rate limited by statute;[10] and that of township employee, for which the township compensates the employee at a rate set by the township auditors.[11] The language of section 702 demonstrates the legislature's recognition that township "official" and township "employee" are not coterminous. For example, section 702 authorizes a township to purchase insurance covering every "township *officer, official,* and *employe* for liability arising from errors and omissions in the performance of their duties . . ." (Emphasis added.) However, the provision crucial to this appeal, located in the same statute, authorizes publicly-funded health and life insurance coverage only for employees, their dependents, or any class or classes thereof. Judge WOLLET interpreted the legislature's omission of "officials" from this portion of the statute as an intentional omission and accordingly affirmed the auditors' surcharge for the unauthorized premium payments.

The township contends that a township supervisor falls under the phrase "or any class or classes thereof" as used in section 702 to modify township employees. For authority, the township cites *McCutcheon v. Pennsylvania State Ethics Commission,* 77 Pa. Commonwealth Ct. 529, 466 A.2d 283 (1983), in which this court held that township supervisors could be a "class" of township employees under section 702. More precisely, however, we held that supervisors *also acting as township employees* could be a class of employees per section 702 but that, even under such circumstances, section 515 of the Code requires affirmative action by the township auditors before the township can purchase insurance contracts covering the supervisors as employees. The

---

[10] Section 515 of the Second Class Township Code, 53 P.S. §65515.

[11] *Id.*

rationale of *McCutcheon* is that township supervisors should not be permitted to use section 514 of the Code, which authorizes a township to employ its supervisors in certain capacities, as a means of approving additional compensation for themselves in circumvention of the township auditors.

The interpretation of section 702 which the township advocates would similarly place the township supervisors in the unique position of being able to approve additional compensation for themselves in the form of unlimited insurance coverage.[12] This interpretation is inconsistent with the legislature's effort, demonstrated in section 515 of the Code, to regulate supervisor compensation with statutory limitations and by the discretion of the township auditors.

We must, therefore, affirm the auditors' surcharge because section 702 does not specifically authorize a township to purchase health or life insurance policies for supervisors not employed by the township and because to interpret section 702 otherwise would vest unfettered authority in the supervisors to approve additional compensation for themselves contrary to the legislature's intention.

The Pennsylvania State Association of Township Supervisors, as amicus curiae, contends that Section 621.2 of the Insurance Code[13] supports the interpretation of section 702 of the Second Class Township Code advanced by the township. Section 621.2 provides, in part:

---

[12] The township and amicus curiae argue that health or life insurance coverage is not technically "compensation" as the term is used in section 515 of the Second Class Township Code. We have held that it is. *Synoski v. Hazle Township*, 93 Pa. Commonwealth Ct. 168, 500 A.2d 1282 (1985).

[13] Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. §756.2.

A policy issued to insure employes of a public body may provide that the term 'employer' shall include elected or appointed officials.

A township, however, possesses only such powers as have been granted expressly by statute or by necessary implication. *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964). Section 103 of the Insurance Code, 40 P.S. §23, states that the Insurance Code applies exclusively to "all companies, associations, and exchanges transacting any class of insurance business, to rating organizations and to all insurance agents and insurance brokers." Section 621.2 cannot be read, therefore, as a grant of authority to the township to classify a township supervisor as an employee under section 702 of the Second Class Township Code.

ORDER

Now, February 11, 1987, the order of the Lycoming County Court of Common Pleas, September 3, 1985, No. 84-00646, is affirmed.