532 A.2d 1263

Newport Township and Newport Township Board of Commissioners, Appellants *v.* William J. Margalis, Appellee.

Argued April 23, 1987, before Judges Doyle and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Charles A. Shaffer, Mahler & Shaffer,* for appellants.

*James G. Nealon, III,* with him, *Thomas D. Caldwell, Jr., Caldwell & Kearns,* for appellee.

Opinion by Judge Doyle, November 2, 1987:

Newport Township (Township) and the Newport Township Board of Commissioners (Commissioners) ap-

peal from an order of the Court of Common Pleas of Luzerne County, which granted William Margalis's motion for summary judgment in his mandamus action to compel payment of his Blue Cross and Blue Shield retirement benefits. We affirm.

William Margalis began his employment with the Township on July 16, 1948. On October 2, 1972, the Commissioners unanimously adopted the following Resolution:

> That the Township continue to carry on its Blue Cross/Blue Shield and Major Medical Plan, at the cost of the Township, for a period of ten years, any full-time employee or employee receiving a salary for a period of fifteen years, who retires because of age or disability.

Margalis retired on March 31, 1982 with almost thirty-four years of service with the Township. At the April 5, 1982 Commissioners' meeting, five days after he retired, the following resolution was offered:

> That a motion to pay the Blue Cross for persons retired from the Township be rescinded, and that payments of the Blue Cross by the Township be discontinued as of June 1, 1982.

Margalis was provided with Blue Cross/Blue Shield coverage by the Township only until June 1, 1982.

Thereafter, Margalis commenced an action in mandamus to compel the Township and the Commissioners to provide Blue Cross/Blue Shield and Major Medical coverage and to pay $2,893.04 in damages, the amount he was required to expend for substitute health and accident insurance. After the pleadings were closed, the parties stipulated to the facts and cross-motions for summary judgment were filed. The trial court granted Margalis' motion and denied that of the Township and the Commissioners. This appeal followed.

Under Section 1502 (LXIII) of the First Class Township Code.[1] a township of the first class may:

> [e]xpend out of the general township fund such amount as may be necessary . . . to make contracts of insurance with any insurance company or nonprofit hospitalization corporation, or nonprofit medical service corporation, authorized to transact business within the Commonwealth, insuring its employes, or any class or classes thereof, or their dependents, under a policy or policies of group insurance covering life, health, hospitalization, medical and surgical services, or accident insurance, and may contract, with any such company, granting annuities or pensions, for the pensioning of such employes, or any class or classes thereof, and for such purposes, may agree to pay part or all of the premiums or charges, or portion thereof.

53 P.S. §56563. Since Margalis was an employee of the Township at the time of the passage of the Township ordinance, the Township could legally agree to such benefits. *See Lower Merion Fraternal Order of Police Lodge Number Twenty-Eight v. Township of Lower Merion,* 511 Pa. 186, 192, 512 A.2d 612, 615 (1986) (opinion in support of affirmance in part and reversal in part), *reargued January 29, 1987*. This is because public employee retirement benefits in Pennsylvania are viewed as being part of a contractual agreement between the public employer and the employee to defer part of the employee's compensation, paid in the form of retirement benefits, to some future date. *Wright v. Allegheny County Retirement Board,* 390 Pa. 75, 134

---

[1] Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §56563. Section 1502, cl. LXIII was added by Section 1 of the Act of August 18, 1967, P.L. 244.

A.2d 231 (1957). Generally, once a public employee has entered a retirement benefit system, he is entitled to receive such benefits as prevail at the time, and the public employer generally may not abolish or reduce such benefits. *Catania v. State Employees' Retirement Board*, 71 Pa. Commonwealth Ct. 393, 455 A.2d 1250 (1983). Furthermore, as was first articulated by our Supreme Court in *Harvey v. Allegheny County Retirement Board*, 392 Pa. 421, 431, 141 A.2d 197, 203 (1958):

> An employe who has complied with all conditions necessary to receive a retirement allowance cannot be affected adversely by subsequent legislation which changes the terms of the retirement contract.

*See Catania v. State Employees' Retirement Board*, 498 Pa. 684, 450 A.2d 1342 (1982). Thus, the Township could not abolish the benefits due to Margalis.

The Appellants' first argument is that because the Township was to pay the entire cost of the insurance coverage, such benefits were mere gratuities on the part of the Township and could be unilaterally terminated by it. In support of this argument, Appellants rely upon *Retirement Board of Allegheny County v. McGovern*, 316 Pa. 161, 174 A. 400 (1934) where our Supreme Court stated:

> Pensions should not be confused with retired pay. A pension is a bounty or a gratuity given for services that were rendered in the past. This act provides for retirement pay. Retirement pay is defined as 'adjusted compensation' presently earned, which, with contributions from employees, is payable in the future. The compensation is earned in the present, payable in the future to the employee, provided he possesses the qualifications required by the act, and complies

with the terms, conditions and regulations imposed on the receipt of retirement pay.

. . .

The distinction between pension and retirement pay is not artificial. . . . Where an allowance is made out of hand gratuitously, and purely for past services, by the government, it is a pension, with all the attributes of a pension; but where the employee contributes a part of his salary or wages with a sum from the State or county under a quasi contractual relationship with the municipality or state, creating a contributed reserve retirement system, the results are different, retirement pay made therefrom is not a pension: the contributions by the government, from their very nature, must be viewed in a different light.

*Id.* at 169-70, 174 A. at 404-05 (footnote omitted).

This argument is devoid of merit. Our Supreme Court stated in *Wright* that the distinction between "retirement allowance" and "pension" made in the *McGovern* case was obsolete. 390 Pa. at 79 n. 9, 134 A.2d at 233 n. 9. Indeed, it has been held that retirement benefits are deferred compensation, not gratuities, *even where the employee makes no contribution towards the benefits. Levitt v. Billy Penn Corp.,* 219 Pa. Superior Ct. 499, 503, 283 A.2d 873, 875 (1971). *See also Lowe v. Jones,* 414 Pa. 466, 200 A.2d 880 (1964). Retirement benefits are not manna that falls miraculously from the sky, *Lowe,* nor are they philanthropic largess on the part of the government, as the Township and the Commissioners would have us assume. *Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A.2d 233 (1954). Rather, they are "the fruit of the tree which he [the employee] has planted, which he has nurtured with his continuous loyal service and watered with the sweat of his years of dedicated work." *Lowe,* 414 Pa. at 469, 200 A.2d at 882.

The Township's other argument is that Margalis had to complete all fifteen years of employment with the Township after the date of the resolution granting post-retirement insurance coverage; that is, his right to receive such benefits vested only upon the completion of fifteen years of service subsequent to October 2, 1972, and that any service prior to that date was gratuitous and could not be counted towards the necessary fifteen years of employment. This argument is equally without merit.

First, the Township's grant of retirement benefits was not conditioned upon Margalis having to complete fifteen years of Township service *after* the grant of benefits. We refuse to now insert this condition into the resolution authorizing benefits, because, had this been a requirement for entitlement to benefits, the Supervisors would have expressly said so. The plain meaning of the October 2, 1972 Resolution requires that Blue Cross/Blue Shield and Major Medical coverage for a ten-year period be given upon retirement to Township employees *of* fifteen-years' service.

Moreover, our Supreme Court has allowed past services of a then-current employee to be taken into account when formulating a retirement benefits program. In *Osborne v. United Gas Improvement Co.,* 354 Pa. 57, 46 A.2d 208 (1946), shareholders of a public utility attacked a pension plan adopted by the corporation on the grounds that because the plan took into account services rendered by employees prior to the adoption of the plan in calculating pension, the pension plan constituted an illegal payment of compensation for past services. The Court rejected this argument, taking particular note of the fact that the legislature had allowed Pennsylvania corporations to grant pensions to their employees. The Court then added:

[A] pension plan that did not take into consideration past services as well as prospective services would not furnish an adequate retirement allowance; and that would be especially true in the case of older employees of long-continued service. Such a plan would penalize those most in need of the security which a pension is designed to afford. From a company standpoint, the benefits from a pension plan are not merely those individually received by the direct beneficiaries. A pensioning corporation has a very definite interest in seeing to it that no discrimination is worked by its pension plan against any employee and, especially, not by a disregard of 'long-continued service' to the marked disadvantage of its older employees.

*Id.* at 63-64, 46 A.2d at 211. Indeed, we know of no constitutional or statutory reason why a public employee's years of service prior to the implementation of a pension plan may not be used in determining whether the employee is entitled to receive such benefits or the amount thereof. *See Hickey; Haldeman v. Hillegass,* 335 Pa. 375, 6 A.2d 801 (1939). Consequently the trial judge did not err in rejecting this argument.

Order affirmed.

#### ORDER

Now, November 2, 1987, the order of the Court of Common Pleas of Luzerne County, No. 2037-C dated May 6, 1985, is hereby affirmed.