563 A.2d 1295

David SUMMERS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Ernest REPPERT, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Vincent WINN, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided Sept. 13, 1989.

Reconsideration Granted Nov. 20, 1989.

Joseph R. Rygiel, Uniontown, for petitioners.

Vincent J. Dopko, and John Contino, Gen. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

David Summers, Ernest Reppert and Vincent Winn (supervisors) file consolidated appeals from a State Ethics Commission (Commission) decision ordering restitution. Section 3(a) of the Act of October 4, 1978 (Act).[1] We reverse.

As members of the Township Board of Supervisors, the supervisors, pursuant to their authority under The Second Class Township Code (Code),[2] appointed themselves to individual positions as township roadmaster, secretary/treasurer and road superintendent, thereby assuming township employee status. Under Section 702 of the Code, *as*

---

1. Section 3(a) of the Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. § 403(a), provides:

   (a) No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated.

2. Act of May 1, 1933, P.L. 101, *as amended,* 53 P.S. §§ 65101—67201. Section 514 of the Code, 53 P.S. § 65514, provides in part:

   This section shall not prohibit the township supervisors from being employed as superintendents or roadmasters, or as laborers, if physically able to work on and maintain the roads.

*amended,* 53 P.S. § 65713, the supervisors are also authorized to provide township funds to purchase health and life insurance for township employees. At the time of the supervisors' alleged violations, Section 515 of the Code required that, as employees, "[t]he compensation of supervisors, when acting as superintendents, roadmasters or laborers, shall be fixed by the township auditors...." 53 P.S. § 65515. During the ensuing three years, the supervisors participated in the same life and health insurance coverage they purchased for the township employees. Because there was no affirmative auditor approval, the Commission considered this "financial gain other than compensation provided by law," found that the supervisors had thus violated Section 3 of the Act, and ordered full restitution.

Pursuant to a 1988 amendment to Section 515, Act of March 30, 1988, P.L. 312, No. 41, the Code now provides that participation by supervisor-employees in township-paid life and health insurance plans does not require auditor approval. 53 P.S. § 65515(c)(1). This amendment also granted amnesty, but, as expressly provided in the amended statute, to *non*supervisor-employees only for any insurance benefits they received during the period from January 1, 1959, to March 31, 1985. Thus, these supervisors in the case at bar fall within the three-year period from 1985 through 1988 in which, the Commission contends, auditor approval was required before supervisors could receive compensation in the form of township-paid health and life insurance coverage.

Petitioners do not dispute they were the recipients of township-paid health and life insurance coverage. Rather, they contend that the premiums which the township paid for their insurance coverage are not the type of compensation requiring auditor approval. *Auditors of South Union Township Appeal,* 47 Pa.Commonwealth Ct. 1, 407 A.2d 906 (1979). We agree.

In *South Union,* this Court upheld the denial of surcharges assessed against supervisors who had authorized the payment of their own hospital insurance premiums. There, the benefits received were not confined to the supervisors alone but were given to all other township employ-

ees. In addition, the payments were not the type which provided the right to receive direct cash payments in the beneficiaries.

In contrast, we held in *McCutcheon v. State Ethics Commission*, 77 Pa.Commonwealth Ct. 529, 466 A.2d 283 (1983), on which the Commission relies, that Section 515 requires township auditor approval before the township can purchase life annuity pension policies covering supervisor-employees.[3] Subsequently, in *Muncy Creek Township Appeal*, 103 Pa.Commonwealth Ct. 607, 520 A.2d 1241 (1987), this Court extended the holding in *McCutcheon* by declaring that compensation requiring auditor approval under Section 515 included supervisor health and life insurance premiums.

An examination of the record in this case compels the conclusion that *South Union* controls. Here, as in *South Union*, the supervisor-employees received the same benefits as the other township employees[4] and were not eligible for any type of deferred cash reimbursement upon terminating the policy.[5]

*McCutcheon* and *Muncy Creek* would appear to mandate auditor approval before payment of health and life insurance premiums will be considered authorized compensation. However, those decisions governed situations where the supervisors could discriminate in favor of themselves by independently approving compensation in the form of annuity contracts for themselves alone, *McCutcheon*, or where township supervisors *who were not also employees* approved payment of their own health and life insurance premiums. *Muncy Creek*. Because neither scenario exists here, we conclude that those authorities do not apply. Moreover, we decline to follow the rationale of *McCut-*

---

**3.** The Court in *McCutcheon* distinguished *South Union* on this basis and did not overrule it.

**4.** Testimony of David Summers, 2/18/88, Record, Item No. 25, pp. 153–54.

**5.** Petitioners' policies were for group life insurance, which terminated upon retirement. They contained no provisions for cash reimbursement once the policies were surrendered. Record, Item No. 26.

*cheon,* which was to proscribe supervisors' circumventing the requirement of auditor approval for all forms of compensation, given the fact that the General Assembly has, in *its* wisdom, decided no longer to require it.[6]

Accordingly, the State Ethics Commission order is reversed.

### ORDER

#### No. 1787 C.D. 1988.

The order of the State Ethics Commission, No. 614–R dated June 10, 1988, is reversed.

#### No. 1788 C.D. 1988.

The order of the State Ethics Commission, No. 615–R dated June 10, 1988, is reversed.

### ORDER

#### No. 1789 C.D. 1988.

The order of the State Ethics Commission, No. 616–R dated June 10, 1988, is reversed.

---

6. Because we have determined that petitioners were not the recipients of unauthorized compensation, we need not address their supporting arguments concerning the definitions of "employee" under the Pennsylvania Insurance Code and "compensation" under the Internal Revenue Code.