566 A.2d 375

George F. UREMOVICH, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Larry SPAHR, Petitioner,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Nov. 21, 1989.

Petition for Allowance of Appeal Denied
June 22, 1990.

Thomas A. Lonich, with him, Robert L. Ceisler, Ceisler, Richman & Smith, Washington, for petitioners.

Vincent J. Dopko, Chief Counsel, Harrisburg, for respondent.

Before CRAIG, BARRY and SMITH, JJ.

CRAIG, Judge.

George F. Uremovich and Larry Spahr file appeals, now consolidated, from respective State Ethics Commission decisions that each man used his position as an elected supervisor of Union Township, a second class township, to obtain financial gain in violation of section 3(a) of the State Ethics Act.[1]

Specifically, the commission found, after a hearing, that, although both supervisors also serve as township roadmasters, each received township-paid life and health insurance benefits,[2] which terminate upon retirement, without the affirmative approval of the township board of auditors. Additionally, the commission found that both men received overtime and holiday pay[3] for distributing surplus food and resurfacing roads while acting in their capacity as supervisors. According to the commission, the men received this pay without auditor approval, in violation of section 515 of the Second Class Township Code,[4] which provides compensation limits for supervisors. The commission has ordered Uremovich to remit $4,335.17 and Spahr to remit $3,311.07 as restitution for the financial gains received.

1. Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. § 403(a), which provides:
   No public official or public employee shall use his public office or any confidential information received through his holding public office to obtain financial gain other than compensation provided by law for himself, a member of his immediate family, or a business with which he is associated.

2. Uremovich received a gain of $2291.37 in benefits, and Spahr received a gain of $3,097.28.

3. Uremovich received $2,043.80, and Spahr received $213.79.

4. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65515.

Uremovich, a supervisor since 1986, and Spahr, a supervisor since 1978, contend that the commission erred because, as roadmasters, they are employees entitled to the same township-paid insurance benefits and compensation that is extended to all township road crew employees. There is no dispute that Uremovich and Spahr in fact received the same compensation that all township road crew employees received.

In cases involving the commission, our scope of review is limited to a determination of whether factual findings are supported by substantial evidence, an error of law has been committed, or constitutional rights have been violated. *Yocabet v. State Ethics Commission*, 109 Pa.Commonwealth Ct. 432, 531 A.2d 536 (1987).

### 1. Insurance Benefits

■ The first issue is whether the two township supervisor-roadmasters were entitled to township-paid insurance benefits, without obtaining formal auditor approval.[5]

This court has recognized that section 514 of the Code, 53 P.S. § 65514, permits the dual-employment role. *Yocabet.*

This court recently resolved a like issue in the case of *Summers v. State Ethics Commission*, 128 Pa.Commonwealth Ct. 520, 563 A.2d 1295 (1989). In *Summers*, the court held that the supervisor-employees did not obtain an illegal financial gain through the holding of public office when they received the same township-paid insurance benefits that other township employees received, in view of the fact that the policies terminated upon retirement, thereby rendering the supervisor-employees ineligible to receive any type of deferred cash reimbursement.

5. A 1988 amendment to section 515 of the Code, Act of March 30, 1988, P.L. 312, No. 41, now provides that participation by supervisor-employees in township-paid life and health insurance plans does not require auditor approval. 53 P.S. § 65515(c)(1). Furthermore, because the amendment provides an amnesty period from January 1, 1959, through March 31, 1985, we, as did the commission, are only considering insurance benefits received from March 31, 1985, through March 30, 1988.

*Summers* relied upon *Auditors of South Union Township Appeal,* 47 Pa.Commonwealth Ct. 1, 407 A.2d 906 (1979), which held that, despite the absence of auditor approval, the basis for surcharge was negated by the absence of loss, in that the compensation to the supervisor-employees did not exceed the amount of reasonable and proper benefits for all employees.

Furthermore, the *Summers* court distinguished the same two cases upon which the commission now relies—*McCutcheon v. State Ethics Commission,* 77 Pa.Commonwealth Ct. 529, 466 A.2d 283 (1983), and *Muncy Creek Township Appeal,* 103 Pa.Commonwealth Ct. 607, 520 A.2d 1241 (1987). The court noted that

> those decisions governed situations where the supervisors could discriminate in favor of themselves by independently approving compensation in the form of annuity contracts for themselves alone, McCutcheon, or where township supervisors *who were not also employees* approved payment of their own health and life insurance premiums. Muncy Creek. Because neither scenario exists here, we conclude that those authorities do not apply.

*Summers,* 563 A.2d at 1296 (emphasis in original).

Therefore, the commission erred in concluding that auditor approval was required for Uremovich and Spahr to receive the township-paid insurance benefits.

## 2. Overtime and Holiday Pay

■ The second issue is whether auditor approval is necessary for township supervisor-employees to receive overtime and holiday pay for distributing surplus food, as distinguished from performing road maintenance work. Section 515 of the Code states:

> The compensation of supervisors, when acting as superintendents, roadmasters or laborers, shall be fixed by the township auditors ... [and] shall not exceed compensation paid in the locality for similar services.

The series of contractual agreements between the Union Township Road Workers and the Township of Union all provide for overtime and holiday pay. Although the auditors did not approve the road crew contracts (section 517 of the Code, 53 P.S. § 65517, mandates that at least two supervisors do so), Uremovich and Spahr received no more compensation than other road crew employees.

In light of the fact that section 515 of the Code permits supervisors to assume the dual-employment role without expressly reducing the compensation they may receive below that of other employees, we cannot deny the supervisors' right to receive the identical compensation that other employees receive.

Moreover, there is no evidence in the record to support the commission's conclusion that Uremovich and Spahr performed the distribution of surplus food work while in their capacities as supervisors. Despite the absence of a specific finding as to the nature of work each man was performing at the time of the receipt of holiday and overtime pay, we note that, as a matter of law, the mechanics of food distribution clearly is not governing-body work, but is an appropriate function for an employee.

Finally, the commission now asserts that Uremovich and Spahr were not full-time road crew employees. However, there is no evidence to support that assertion, nor did the commission make such a finding.

Therefore, we hold that substantial evidence does not support the commission's conclusion that Uremovich and Spahr received holiday and overtime pay while in their capacity as supervisors, and that the commission erred as a matter of law in determining that auditor approval is required for the supervisors-employees to receive additional compensation for their work performance as employees.

Accordingly, the decision of the State Ethics Commission is reversed.

## ORDER

NOW, November 21, 1989, the orders of the State Ethics Commission, Nos. 87–027–C, 87–028–C, issued March 7, 1989, are reversed.