## In re Salary of Attorney for Auditors of Union Township

*George Micacchione,* for auditors of Union Township.

McCRACKEN, *P.J.*, February 3, 1992—On October 30, 1991, the auditors of Union Township, a second class township in Lawrence County, agreed to retain George P. Micacchione, a member of the Lawrence County Bar, to represent them in connection with a legal dispute that had developed between the auditors and a township supervisor. On the following day the

auditors sent a letter to Mr. Micacchione which read as follows:

"The auditors held an executive meeting on October 30, 1991, at 5:30 p.m. advertised in the *New Castle News*. At this meeting it was unanimously voted upon and seconded by all that your wages be set at $30 per the Township Code book."

The reference in the letter is clearly to section 550 of the Second Class Township Code which authorizes the auditors to employ an attorney in case of a disagreement with any officials or board of township supervisors whose accounts they are required to audit. The section provides, "The compensation for such attorney shall be fixed by the auditors, and shall not exceed $30, unless an appeal is taken to the court, in which case the court shall fix the additional compensation for the attorney." Act of May 1, 1933, P.L. 103, Art. V, §550, as amended by Act of July 10, 1947, P.L. 1481, §7, (53 Pa.C.S. §65550).

As a result, Mr. Micacchione has filed a petition for declaratory relief asking this court to determine the rate at which the statutory fee is to be paid, and, if necessary, to fix a reasonable additional compensation. The township auditors themselves have taken no position on the matter and have not filed a brief.

The first question to be determined is the rate at which the compensation fixed by the Township Code is to be paid. An annotation in the Code informs us that the original version of section 550, enacted in 1933, fixed the attorney's fee in such a case at $10 a day. The amendment of the section in 1947 not only raised the figure to $30, but omitted the daily rate. This might lead us to conclude that the $30 figure is intended to be a lump sum and not an hourly, daily or weekly

rate. If we had no case law or prior statutes to guide us, we would be forced to that conclusion.

There is, however, one published decision interpreting section 550, namely *Appeal of Muncy Creek Township,* 103 Pa. Commw. 607, 520 A.2d 1241 (1987), *allocatur denied,* 516 Pa. 635, 533 A.2d 94 (1987). That case involved a township's payment for a health insurance coverage for two of the supervisors which the township auditors refused to approve. The matter went to the Lycoming County Court of Common Pleas on the question of whether a township supervisor is an employee of the township for whom health care benefits could be paid. The court's decision in favor of the auditors was appealed by the supervisors to the Commonwealth Court. The supervisor's claimed, inter alia, that the Common Pleas Court had improperly approved compensation out of township funds for the attorney retained by the auditors. The Commonwealth Court, quoting section 550 as we have quoted it, *supra,* said:

"By virtue of the same statute, we must conclude that Judge Wollet of the Lycoming County Court of Common Pleas did not err when he authorized compensation out of the Muncy Creek Township's general fund for the auditors' attorney.... By authorizing compensation to the auditors' attorney at a rate of $35 per hour, Judge Wollet simply followed his statutory mandate." 103 Pa. Commw. at 612, 520 A.2d at 1244.

It is significant that the compensation fixed by the court, and approved by the Commonwealth Court, was $35 an hour. At that time, section 550 read exactly as it does today. It specified a figure of $30 but no rate. Nonetheless the Common Pleas Court decided that the auditors' attorney should be paid an hourly rate of $35, and this was held not to be an abuse of discretion. Although we do not have the benefit of

the lower court's reasoning, it would appear that the $30 figure may have been construed as representing an hourly rate rather than a lump sum.

The question of whether the *Muncy Creek* case is analogous to the matter now before us depends on the meaning of the ambiguous phrase, "unless an appeal is taken to the court" in section 550. It is clear from the text of the statute that the $30 figure (at whatever rate it represents) is the largest amount of compensation that the township auditors may offer on their own initiative, while a court, in its discretion, may award a higher sum. But the court may do this only when "an appeal is taken." Does this mean an appeal to the Court of Common Pleas from the underlying dispute between the auditors and the township officials, as occurred in the *Muncy Creek* case? Or does it refer to the type of case now before us—a petition for declaratory relief brought by an attorney hired to represent the auditors, in which he asks the court, not to adjudicate the merits of the underlying dispute, but to determine the amount of his fee? The case law provides no answer, but if we are to decide from the text of the statute alone, we think that the more logical interpretation is in accord with the situation in *Muncy Creek,* that is, an appeal from the underlying dispute for which the attorney is being retained. The taking of such an appeal will require a greater investment of the attorney's time than would be needed if the dispute had been resolved without resort to a court. It is, therefore, proper to provide the attorney in that instance with greater compensation than that fixed by the statute.

Despite this, we believe that the Muncy Creek precedent is nonetheless useful in resolving the issue which we cannot avoid; the question of the rate at which the $30 fee is to be paid. The Commonwealth Court

upheld the lower court's award of an hourly fee of $35. It would, therefore, not be outside the limits of our discretion to rule that the attorney in this case is entitled to an hourly fee of $30. Because we do not believe that the present proceeding constitutes an "appeal ... taken to the court" within the meaning of section 550, we question whether it is within our jurisdiction to award more than $30 an hour, although the possibility that a higher award may be appropriate should the merits of the underlying case come before us, cannot be discounted. It is clearly within our jurisdiction, however, to interpret the statute as providing for a maximum hourly rate of $30, and we believe that such an interpretation is in accord with precedent. We, therefore, hold that the term "$30" as used in section 550 of the Second Class Township Code, means $30 per hour.

## ORDER OF COURT

Now, February 3, 1992, on consideration of the petition of George P. Micacchione, for declaratory relief, the court holds that the maximum payment authorized by 53 Pa.C.S. §65550 is $30 per hour.