WHITE DEER TOWNSHIP, Appellant

v.

Charles NAPP, Helen Napp, Leonard Caris, Doris Caris, Charlotte Hartranft, and Donald Bird.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.
Decided April 19, 2005.
Reargument Denied June 16, 2005.

Timothy J. Nieman, Harrisburg, for appellant.

Pamela L. Shipman, Williamsport, for appellees.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

White Deer Township (the Township) appeals from a decision of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Union County Branch

(trial court) which sustained the preliminary objections of Charles Napp, Helen Napp, Leonard Caris, Doris Caris, Charlotte Hartranft and Donald Bird (collectively, "Appellees") and dismissed the Township's Complaint. We reverse the order of the trial court and remand this case for the reasons set forth below.

Appellees are former supervisors and employees and spouses of former supervisors and employees of the Township.[1] All of the Appellees, with the exception of Mr. Bird, worked for the Township for more than twenty years when, on December 18, 1997, the Township Board of Supervisors (Board), which was composed of Appellees Caris, Napp and Hartranft, adopted Resolution 4–97, which set forth, in relevant part, that:

> NOW THEREFORE, BE IT RESOLVED BY THE BOARD OF SUPERVISORS, OF WHITE DEER TOWNSHIP, UNION COUNTY, PENNSYLVANIA, the same is Resolved by the authority of the same that White Deer Township *provide medical insurance for all retired employees of White Deer Township, who have been employed by White Deer Township, Union County, Pennsylvania, for at least twenty (20) years* the same to be consecutive or non consecutive. The medical insurance to be provided shall be limited to medical insurance supplementing Medicare and shall be provided through such insurance carrier as White Deer Township, Union County, Pennsylvania, shall from time to time determine. To qualify for this benefit the employee must be eligible for and covered by Medicare or any coverage equivalent to Medicare as may be established in the future. The cost of Medicare or its equivalent coverage shall be paid by the employee.

(R.R. at 10a; emphasis added). The Resolution was attested to by Appellee Bird, who was the Secretary.

On January 6, 2004, the Township filed a Complaint for Declaratory Judgment requesting that the trial court:

> enter a declaratory judgment in favor of the Township determining that the Township does not have statutory authority to provide health benefits to retired employees or, alternatively, that the Township has the legal authority in this instance to repeal Ordinance No. 4–97 and terminate the supplemental insurance benefits of [Appellees].

Appellees filed Preliminary Objections in the nature of a demurrer asserting that the Complaint fails to state a claim upon which relief can be granted, that the Township had the legal authority to provide health benefits to Appellees, that the Township does not have the legal right to terminate those benefits, that a provision for such benefits does not violate state law and that Appellees have a continuing right and entitlement to receive such benefits. Therefore, Appellees requested that the Complaint be dismissed.

By order dated June 30, 2004, the trial court sustained Appellees' preliminary objections and dismissed the Complaint. Specifically, the trial court, relying on *Summers v. State Ethics Commission*, 128 Pa.Cmwlth. 520, 563 A.2d 1295 (1989), concluded that Appellees did not improperly

---

1. The Complaint alleges that: Mr. Napp was a Supervisor from 1965 through 1997 and an employee from 1968 to 1997. Mr. Caris was a supervisor from 1965 to 1997 and an employee from 1969 to 1999. Mrs. Hartranft's husband, who is now deceased, was a supervisor from 1978 to 1998 and an employee from 1978 to 1998. Mr. Bird was employed by the Township from 1985 to 2000.

use their public office for financial gain.[2] The trial court also cited *Newport Township v. Margalis,* 110 Pa.Cmwlth. 611, 532 A.2d 1263 (1987), for the proposition that the Township could not eliminate Appellees' medical insurance benefits. Furthermore, the trial court cited our recent decision in *Borough of Nanty Glo v. Fatula,* 826 A.2d 58 (Pa.Cmwlth.2003), for the proposition that the Township was precluded from questioning the validity of the Resolution because more than 30 days had passed since the Resolution was adopted. The Township's appeal to this Court followed.

■ Our scope of review of a trial court order sustaining preliminary objections on the basis that the law will not permit recovery (demurrer) is whether the trial court committed an error of law or an abuse of discretion. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). To sustain preliminary objections, it must be clear that on the facts alleged the law states with certainty that no recovery is possible. *Id.* All well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom must be accepted as true and any doubt should be resolved in favor of overruling the demurrer. *Id.*

■ As we stated in *Fairview Township v. Fairview Township Police Association,* 795 A.2d 463 (Pa.Cmwlth.2002), *aff'd without opinion,* 576 Pa. 226, 839 A.2d 183 (2003): "It is well established that municipalities are created by the state and as such, may do only those things which the state legislature has placed within their power in enabling statutes." *Id.* at 468. In this case, the Township has the power to provide medical insurance for its em-

ployees pursuant to Section 1512(d) of the Second Class Township Code (Township Code), Act of May 1, 1933, *as amended, added by* Section 1 of the Act of Nov. 9, 1995, P.L. 350, 53 P.S. § 66512. Section 1512(d) provides, in relevant part, that:

**Insurance**

. . .

(d) The board of supervisors may contract with any insurance company, nonprofit hospitalization corporation or nonprofit medical service corporation to insure its supervisors *under section 606,* employes and their dependents under a policy or policies of group insurance covering life, health, hospitalization, medical service or accident insurance

. . .

(emphasis added). Section 606(c)(1) provides that:

**Compensation of supervisors.**

. . .

(c) In addition to the compensation authorized under this section, supervisors *while in office or while in the employ of the township* may be eligible for inclusion in township-paid insurance plans, as follows:

(1) Supervisors, whether or not they are employed by the township, and their dependents are eligible for inclusion in group life, health, hospitalization, medical service and accident insurance plans paid in whole or in part by the township. *Their inclusion in those plans does not require auditor approval, but does require submission of a letter requesting participation at a regularly scheduled meeting of the board of supervisors before commencing participation.* The insurance shall be uniformly applicable to

---

**2.** In *Summers,* the State Ethics Commission found that employee/supervisors violated the Ethics Act when they authorized township funds to purchase health and life insurance for township employees and did not get auditor approval. On appeal, we reversed because auditor approval was not necessary.

those covered and shall not give eligibility preference to or improperly discriminate in favor of supervisors. No policy of group life insurance shall contain any provision for a cash surrender value, loan value or any other benefit beyond the face amount of insurance. The policy may contain a provision that *when the insurance ceases because of termination of employment or term of office*, the person is entitled to have issued to him by the insurer, without evidence of insurability, an individual policy of insurance on any form customarily issued by the insurer at the age and for the amount applied for if the amount is not in excess of the amount of life insurance which ceases because of the termination and the application for the individual policy is made and first premium is paid to the insurer within thirty-one days after termination.

53 P.S. § 65606(c)(1) (emphasis added). We also note that, when public officials have a direct pecuniary interest in a matter being voted on, the enabling legislation which gives them the power to vote on such a matter must be strictly construed. *See Genkinger v. City of New Castle*, 368 Pa. 547, 552, 84 A.2d 303, 306 (1951).

On appeal, the Township argues that: 1) the Resolution is invalid because the supervisors were acting under a conflict of interest, 2) the Resolution is procedurally invalid because there is no evidence that the Supervisors submitted "a letter requesting participation" in the insurance plan as required by Section 606(c)(1), 3) it can repeal the Resolution even if it was properly enacted, 4) if the grant of medical insurance is treated as "deferred compensation", then the Supervisors were required to have the Resolution approved by the Township's Board of Auditors and 5) the Resolution is invalid because it provides medical insurance for retired employees whereas Section 606(c) only allows

for medical insurance to be provided to current employees.

■ First, we address the Township's argument that the Resolution is invalid because it provides medical insurance for retired employees whereas Section 606(c) only allows for medical insurance to be provided to current employees. In support of its argument, the Township notes that Section 606(c) provides that "supervisors *while in office or while in the employ of the township* may be eligible for inclusion in township-paid insurance plans." Thus, the Township argues that the Appellee Supervisors were only permitted to provide health insurance for current employees. Therefore, its asserts that the Resolution is invalid because it provides health insurance for retired employees. The Township also notes that Section 606(c)(1) states that "[t]he policy may contain a provision that *when the insurance ceases because of termination of employment or term of office*, the person is entitled to have issued to him by the insurer ... an individual policy of insurance ..." (emphasis added). The Township cites this language as further evidence that Section 606 only empowers townships supervisors to provide health insurance for current employees, not former retired employees.

In response, Appellees cite our decision in *Fairview Township*. In that case, the trial court vacated that part of an arbitration award which required the township to provide post-retirement medical benefits to members of the police association. The trial court reasoned that Section 1512(d), which is the same section at issue in this case, includes only current employees, not employees that have retired. The police association appealed, and we reversed the trial court. We reasoned that when the term "employees" in Section 1512(d) is

read in conjunction with "Act 111"[3] which gives police officers the right to collectively bargain over retirement benefits, it is clear that medical insurance coverage of "employees" should include the post-retirement benefits of the members of the police association. Specifically, we stated that:

> Section 1 of the Act 111 grants policemen and firemen the right to collectively bargain with the public employer concerning the terms and conditions of employment, including "retirement, pension and other benefits." Under the Act 111, the municipalities may not enter into a collective bargaining agreement over the rights of individuals, who have already retired and are no longer members of the bargaining unit. *Township of Wilkins v. Wage & Policy Committee of the Wilkins Township Police Department*, 696 A.2d 917 (Pa.Cmwlth.1997). However, the issue in this matter does not involve the rights of individuals who have already retired. Rather, this case concerns the rights of the police officers currently employed by the Township to bargain with the Township over their future postretirement benefits.
>
> When the term "employes" in Section 1512(d) of The Second Class Township Code is construed in conjunction with Section 1 of the Act 111 granting the police officers the right to collectively bargain with their public employers over "retirement, pension and other benefits," it is clear that the medical insurance coverage of "employes" under Section 1512(d) should include postretirement medical benefits of the police officers.

*Id.*, 795 A.2d at 470. We also stated that "retirement benefits in Pennsylvania are not mere gratuities or expectancies subject to the whim of the munificent public employer; rather, the nature of retirement provisions for public employees is that of deferred compensation for services actually rendered in the past." *Id.* Thus, we reasoned that, when retirement benefits are viewed as deferred compensation, it is abundantly clear that the township was not precluded from providing those benefits to their employees upon retirement.

Appellees argue that, as in *Fairview Township*, we should interpret the term "employees" in Section 1512(d) to include retired employees. We disagree. *Fairview Township* dealt with a collective bargaining agreement and we read Section 1512(d) in conjunction with Act 111 which allows police officers to collectively bargain for post-retirement benefits. The case now before this Court is not a collective bargaining case. Rather, this case deals with medical insurance which is provided under Section 606(c). Therefore, Section 1512(d) must be read in conjunction with Section 606(c), which provides that "supervisors *while in office or while in the employ of the township* may be eligible for inclusion in township-paid insurance plans ..." (emphasis added) and Section 606(c)(1), which provides that "[t]he policy may contain a provision that *when the insurance ceases because of termination of employment or term of office*, the person is entitled to have issued to him by the insurer ... an individual policy of insurance ..." When these provisions are read in conjunction, it is clear that the Township cannot provide medical insurance to retired employees because Section 606(c) only applies to current employees.[4]

---

**3.** Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10.

**4.** Appellees also cite our recent decision in *Borough of Hanover v. Hanover Borough Police Officers Association*, 850 A.2d 765 (Pa. Cmwlth.2004). That was also an Act 111 arbitration case in which the arbitrator awarded post-retirement medical benefits to employees of the police department. The bor-

Appellees also argue that *Newport Township,* which the trial court cited in support of its opinion, is applicable. In that case, Margalis, a retired employee, filed a mandamus action seeking to compel the township to pay his Blue Cross and Blue Shield retirement benefits which were granted to him pursuant to a township ordinance. The township had the authority to pass the ordinance under Section 1502 of the First Class Township Code [5] which provides that a township is:

authorized to transact business within the Commonwealth, insuring its employes or commissioners, or any class or classes thereof, or their dependents, under a policy or policies of group insurance covering life, health, hospitalization, medical and surgical service, or accident insurance, and may contract with any such company, granting annuities or pensions, for the pensioning of such employes, or any class or classes thereof, and for such purposes, may agree to pay part or all of the premiums or charges for carrying such contracts, premiums, or charges, or portions thereof . . .

Margalis filed a motion for summary judgment, which the trial court granted. On appeal, the township argued that these benefits were mere gratuities and could be unilaterally terminated. We disagreed and stated that since Margalis was an employee of the township at the time the ordinance was passed, the township could legally agree to such benefits. Because Margalis had complied with all the conditions necessary to receive those benefits, the township could not abolish those benefits.

We believe it is clear that *Newport Township* is not controlling. *Newport Township* involved a section of the First Class Township Code, whereas the applicable statute in this case is a completely different section under the Second Class Township Code.[6] Furthermore, in *Newport Township* it was clear that the township did have the statutory authority to provide Margalis retirement benefits. As explained above, in this case it is clear that the Township was not statutorily authorized to provide post-retirement medical insurance to its employees.

Because of the differences between the case now before this Court and *Fairview Township* and *Newport Township* and the fact that the plain language of Section 606(c) provides that medical benefits are only available for current employees, we believe that the law states with certainty that Appellees did not have the authority to pass the Resolution granting themselves post-retirement medical benefits. Accordingly, the trial court erred by granting Appellees' preliminary objections on this basis and by dismissing the Township's Complaint. Therefore, the trial court's decision is reversed.

In its Complaint, the Township requests a declaration that the Township does not have the statutory authority to provide health benefits to retired employees or, alternatively, that the Township has legal authority to repeal Ordinance No. 4–97 and terminate the supplemental insurance

---

ough appealed to the trial court, which upheld the arbitrator's award. We affirmed the trial court and cited *Fairview Township* is support of our decision.

5. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56563, *added by* Section 1 of the Act of August 18, 1967, P.L. 244.

6. We note that townships of the first class are those having a population of at least three hundred inhabitants to the square mile. All townships that are not townships of the first class are townships of the second class. *See* Section 201 of the Second Class Township Code, 53 P.S. § 65201.

benefits of Appellees. The Declaratory Judgments Act provides, in relevant part, that:

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532.

Accordingly, we reverse the order of the trial court and remand this case to the trial court with directions to enter an appropriate declaratory judgment in favor of the Township.[7]

## ORDER

AND NOW, April 19, 2005, the order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Union County Branch is REVERSED and this case is REMANDED to the trial court with directions to enter an appropriate declaratory judgment in favor of White Deer Township.

Jurisdiction relinquished.

---

**7.** Having concluded that the Appellees were not statutorily authorized to pass the Resolu-

tion, we need not address the other issues raised by the Township.